### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE ESTATE OF ANGEL LUIS. | § | |
| GONZALEZ Y VALLEJO *et. al.* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3686 |
| | § | |
| | § | |
| | § | |
| MIGUEL ANGEL GONZALEZ *et. al.* | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM ON MOTION TO REMAND

Defendant Carlos A. Gonzalez Guilbot removed Civil Action No. 344,157–(401) from the Harris County Probate Court.  (Docket Entry No. 1).  The plaintiffs timely filed a motion to remand, (Docket Entry No. 5), to which Guilbot responded, (Docket Entry No. 13), and the plaintiffs replied, (Docket Entry No. 14).  This court held a hearing on December 14, 2006.

Guilbot removed this case based on diversity jurisdiction. (Docket Entry No. 1 at 2). When this case was filed in 2004, the parties were not diverse. Well over a year after the case was filed, the defendants moved from Texas to Mexico.  That does not, however, create diversity jurisdiction.  For purposes of determining the existence of diversity, the citizenship of the parties is to be determined with reference to the facts that existed at the time of the filing.  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004).

Guilbot also argued that the plaintiffs' November 2006 pleading seeking injunctive relief against existing defendants after they had moved to Mexico would trigger removability. (Docket Entry No. 15 at 3–4).  The record shows that the injunctive relief sought is related to the same parties and the same disputes as the original lawsuit and did not create a removal window.  *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489 (5th Cir. 1996).

Under 28 U.S.C. § 1446(b), removal based on diversity jurisdiction must be filed within one year of the original filing of the lawsuit.  This case was filed in state court on May 24, 2004.  (Docket Entry No. 5 at 2).  This case did not become removable within thirty days before it was removed and there is no equitable basis to allow removal.  *See Tedford v. Warner-Lambert*, 327 F.3d 423, 426 (5th Cir. 2003).

Guilbot has not established a basis for federal jurisdiction.  Remand is proper.  *See Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## II.    Motion for Attorneys' Fees

"[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 711 (2005).  This court finds that Guilbot had no objectively reasonable basis to believe removal of this case was proper.  This court heard evidence as to the number of hours counsel for plaintiffs spent on the remand motion and the rates charged.

2

This court finds the amount of time and the hourly rates to be reasonable and ordered that

defendants pay $7,500 in attorney's fees incurred in moving to remand.

SIGNED on December 14, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge